STATE *vs.* GEORGE L. DORSEY, STEPHEN A. SMITH and NORMAN WOODWARD.

CONSPIRACY—INDICTMENT—CONSPIRACY TO CHEAT AND DEFRAUD.

Indictment for conspiracy to cheat and defraud being for conspiracy to commit an act made unlawful by *Rev. Code* 1915, § 4797, declaring cheats misdemeanors, need not set out the means by which the act was to be committed.

*(October* 15, 1917.)

Judges CONRAD and HEISEL sitting.

*David J. Reinhardt,* Attorney General, and *P. Warren Green,* Deputy Attorney General, for the state.

*Robert G. Harman,* for defendants.

Court of General Sessions, New Castle County, September Term, 1917.

INDICTMENTS Nos. 187, 188, 189 and 190, September Term, 1917.

George L. Dorsey and others were indicted for conspiracy, made unlawful by statute, *Rev. Code* 1915, § 4797. There were three other similar indictments charging Dorsey and others. On demurrers to the first count in each indictment and to the second count in the third indictment. The demurrers were heard together. Overruled. The causes of demurrers are stated in the opinion.

HEISEL, J., delivering the opinion of the court:

In this and three other cases against the defendant Dorsey, and others, demurrers were filed to the first count in each indictment, and also to the second count in one of said indictments. The material part of the said counts is substantially as follows:

That the defendants "did falsely and fraudulently conspire, combine, confederate and agree together, and with divers other persons whose names are to the jurors aforesaid unknown to cheat and defraud a certain Speakman Supply and Pipe Company of divers large quantities of its goods, property and merchandise by divers false pretenses and subtle means and devices to the

great damage of said Speakman Supply and Pipe Company and against the form of an act of the General Assembly in such case made and provided and against the peace and dignity of the state."

The ground of demurrer is that the counts are not sufficient in law and should be stricken out because there has not been set out a sufficient statement of the means alleged to have been resorted to or used by defendants to cheat and defraud.

The contention on the part of defendants being that cheating or defrauding is not necessarily an indictable offense, not even when it is alleged it is to be done by false pretense, and in such case the indictment should set out the nature and means in order that the accused may be apprised of that with which he is charged, and the court may know if the offense is an indictable one.

It is unquestionably the law that in indictments for conspiracy, if the object of the conspiracy is to do an act, unlawful either in itself, or by statute, the means by which it was to be accomplished need not be stated; but it will be sufficient to state the conspiracy and its object. Or as stated by Mr. Carson in his American cases to *Wright's Criminal Conspiracies*, page 191:

"It is evident that where the end is unlawful, it cannot be necessary to set forth the means, as a mere agreement, even if unexecuted, to commit a crime *malum in se* or *malum prohibitum*, is, of itself, the crime of conspiracy. If unexecuted, the means cannot be stated; if executed, the means employed are but evidence of the offense or an aggravation of it. It cannot, therefore, be necessary to state the means."

Our statute as to cheats and conspiracies provides that "cheats and conspiracies shall be deemed misdemeanors." *Rev. Code* 1915, § 4797.

The counts in the indictment demurred to charge a conspiracy to commit a misdemeanor by our statute, viz: to cheat. The means by which it was accomplished—that is, "by divers false pretenses and subtle means and devices"—we think mere surplusage.

We are therefore of the opinion that said counts are good and sufficient in law.

The demurrers to all the counts are overruled.